UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) No.: 3:18-CR-147-TAV-JEM-21
)
KATELYN D. BEETS, )
)
Defendant. )

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's motion for a sentence reduction [Doc. 1087]. In defendant's motion, she requests that the Court resentence her pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 821 to the United States Sentencing Guidelines Manual. The government has responded in opposition [Doc. 1088], and defendant has replied [Doc. 1089]. For the reasons set forth below, defendant's motion [Doc. 1087] is **DENIED**.

**I. Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to

> the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2023). Other than substituting Amendment 821 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a

defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.*; U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii). A court may further consider a defendant's post-sentencing conduct. *Id.* at n.1(B)(iii)

## II. Factual Background

Defendant pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Doc. 271]. At the time of sentencing, defendant received two criminal history points because she committed the instant offense while under a criminal justice sentence in Anderson[2] County Criminal Court [Presentence Investigation Report ("PSR") ¶¶ 137, 140]. Combined with her 8 other criminal history points, defendant had a total of 10 criminal history points, resulting in a criminal history category of V [*Id.* ¶¶ 139, 141]. With a total

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sent'g Guidelines § 1B1.10(b)(2)(B).

[2] Paragraph 140 of the PSR appears to contain a typographical error stating that defendant was under a criminal justice sentence for aggravated burglary in Docket Number B8C00039 in Blount County Criminal Court, while Paragraph 137 of the PSR reflects that such charge and docket number relate to a conviction in Anderson County Criminal Court. Pursuant to Paragraph 138, which reflects another conviction in Anderson County Criminal Court, with the sentence run concurrent with the aggravated burglary conviction, it appears that the aggravated burglary conviction occurred in Anderson County Criminal Court, not Blount County Criminal Court.



Case 3:18-cr-00147-TAV-JEM Document 1090 Filed 05/22/24 Page 3 of 9 PageID #: 9050

offense level of 29 and criminal history category of V, defendant's applicable guideline range was 140 to 175 months' imprisonment [*Id.* ¶ 160].

The Court sentenced defendant on February 5, 2020, to 100 months' imprisonment [Doc. 794], which is below the range produced by the Guidelines, based on the government's motion [Sealed Doc. 710]. According to the Bureau of Prisons' website, defendant is presently scheduled for release on June 6, 2026. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed May 21, 2024).

## III. Analysis

Amendment 821 to the Guidelines, which became effective on November 1, 2023, has two relevant parts. U.S. Sent'g Guidelines Supp. to App. C, amend. 821. First, Amendment 821 revises section 4A1.1's provision for the addition of "status points" to a defendant's criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence. *Id.* Section 4A1.1(d) previously provided for two criminal history points to be added if the defendant committed the offense of conviction while under any criminal justice sentence. *Id.* Under Amendment 821, section 4A1.1(e) now provides for the addition of one criminal history point "if the defendant: (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.*

A defendant with less than seven criminal history points receives no additional "status points" under § 4A1.1. *Id.*

Secondly, Amendment 821 adds new section 4C1.1, which provides certain "zero-point offenders" with a two-level reduction to their offense level. *Id.* The two-level reduction applies if a defendant meets all of the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*Id.*

Pursuant to Amendment 825, the Sentencing Commission amended section 1B1.10(d) to include these portions of Amendment 821 in the list of retroactive amendments. U.S. Sent'g Guidelines Supp. to App. C, amend. 825. The Sentencing Commission also amended section 1B1.10(e) to specify that "[t]he court shall not order a

reduced term of imprisonment based on . . . Amendment 821 unless the effective date of the court's order is February 1, 2024, or later." *Id.*

Here, defendant seeks a sentence reduction under Amendment 821's revision of section 4A1.1. Applying Amendment 821, defendant should receive the eight criminal history points for her prior convictions in Anderson County General Sessions Court, Campbell County General Sessions Court, Knox County General Sessions Court, and Anderson County Criminal Court, [PSR ¶¶ 129, 131–37]. However, because her criminal history points total eight, she should receive only one additional "status point." U.S. Sent'g Guidelines Supp. to App. C, amend. 821. A total of nine criminal history points results in a criminal history category of IV. U.S. Sent'g Guidelines, Sent'g Table. A total offense level of 29 and a criminal history category of IV results in an amended guideline range of 121 to 151 months' imprisonment. *Id.* Thus, defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* U.S. Sent'g Guidelines Manual § 1B1.10. "[T]o satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's applicable guideline range." *Riley*, 726 F.3d at 758 (internal quotation marks and citations omitted). As discussed, that is the case here.

The Court will now consider the § 3553(a) factors in determining whether and to what extent the defendant's sentence may be reduced. As an initial matter, the Court determines that factors similar to the ones that applied at defendant's initial sentencing also apply at this time. Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of defendant's offense(s) and defendant's history and characteristics.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of defendant, and to provide defendant with needed education and training, medical care, or other correctional treatment.[3] Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). And the Court has considered the danger to the public as the result of any reduction in defendant's sentence, the seriousness of defendant's offenses, and the need to protect the public. *See* U.S. Sent'g Guidelines Manual § 1B1.10, cmt. n.1(B)(ii).

The government acknowledges the Court's authority to reduce defendant's sentence in this case, but asks that the Court exercise its discretion to deny defendant's request in light of her post-sentencing conduct [Doc. 1088]. Specifically, the government

[3] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See generally Tapia v. United States*, 564 U.S. 319 (2011).

notes that defendant has incurred six disciplinary infractions, three of which involved either the use or possession of drugs or alcohol [*Id.* at 3]. Further, the government states that, although the Court recommended the 500-hour residential drug abuse treatment program ("RDAP"), and the BOP deemed her qualified for the program, defendant has twice declined to participate. Although defendant initially elected to complete a less-intensive nonresidential program, all of her drug and alcohol elated disciplinary infractions occurred after her completion of that program [*Id.*].

In reply, defendant explains that she has been punished by the BOP for her disciplinary infractions already [Doc. 1089, p. 1]. She also states that she did not initially participate in the RDAP program because she "would have completed it with a significant amount of time left on her sentence" [*Id.*]. She also states that she has begun participating in the Medication Assisted Treatment program, which has been beneficial to her in diminishing her urge to use drugs and helping her avoid trouble [*Id.*].

Accordingly, after considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds a reduction in defendant's sentence is not appropriate. In making this determination, the Court is particularly influenced by defendant's prior criminal history, her post-sentencing conduct, and the need to protect the public from future crimes. The Court has also taken into consideration the nature and circumstances of defendant's offense, defendant's personal characteristics, and the changes to defendant's guideline range under Amendment 821. The Court specifically notes that defendant's sentence of 100 months still falls below the amended guideline range of 121 to 151 months. The

Court also notes that defendant has managed to accumulate 8 separate criminal history points, and then committed the instant offense while serving a criminal justice sentence, all by the age of 23 [*See* PSR, p. 3]. Moreover, it is clear that defendant has a significant issue with substance abuse [*see* PSR ¶ 156], and the Court finds her choice to decline the intensive RDAP program troubling, particularly after incurring several disciplinary infractions related to substance abuse. Ultimately, given that defendant committed the instant offense while serving a criminal justice sentence, and her post-sentencing conduct continues to display a lack of respect for the law accompanied by a significant risk of recidivism, the Court finds that leaving defendant's sentence intact is appropriate.

## III. Conclusion

For the reasons stated herein, defendant's motion [Doc. 1087] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE